UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00275-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| NATHAN EARL RAY, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Nathan Ray's Motion to Dismiss. Dkt. 55. Ray is currently set to begin trial on September 8, 2020—378 days after the date of his initial arraignment on August 27, 2019. In his motion, Ray contends that the Government violated his rights under the Speedy Trial Act ("STA"). *See* 18 U.S.C. § 3161 *et seq.*

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented and will decide the matter without oral argument. Upon review, and for the reasons set forth below, the Court DENIES Ray's Motion.[1]

---

[1] As a procedural aside, Ray's motion and supporting memorandum (Dkt. 55, at 3-8) fail to comply with general requirements for motions in the District of Idaho—specifically District of Idaho Local Civil Rules 5.2 and 7.1 regarding spacing. Whether this was by design (to meet the 20-page limit on briefs) or inadvertent is irrelevant. The Court will accept the motions as written; however, future motions should be in substantial compliance with all applicable local rules. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (adopting all general provisions of the local *civil rules*—including the general requirements of motion practice).

## II. BACKGROUND

On August 27, 2019, a grand jury returned a one-count indictment charging Ray with Possession of a Firearm by a Prohibited Person. Dkt. 1, at 1. The Government filed a Motion for Detention on August 29, 2019. Dkt. 4. The next day, Ray was arraigned on the indictment and a hearing on the Motion for Detention was set for September 4, 2019. Dkt. 5. A jury trial was set for November 4, 2019. *Id.* Ray filed a Waiver of Detention on September 3, 2019, and the Court issued an order for detention that same day. Dkt. 12.

On October 2, 2019, the assigned attorney for the Government informed Ray of the Government's intention to forgo charging Ray's drug offenses should he enter a guilty plea to the gun charge. Dkt. 59, at 2. On October 4, 2019, Ray filed a Motion for Pretrial Release and Request for Hearing. Dkt. 13. That motion was heard on October 23, 2019, after which Magistrate Judge Ronald E. Bush ordered Ray's continued detention. Dkt. 17. Ray filed a continuance motion under 18 U.S.C. § 3161(h)(1) on October 22, 2019, requesting more time to prepare for trial. Dkt. 15. The Court granted that motion and set a new trial date for January 21, 2020. Dkt. 16. The Court found the time between November 4, 2020, and January 21, 2020, to be excludable under sections 3161(h)(7)(B)(iv) and 3161(h)(7)(A). *Id.* at 2. The District Court provided specific reasons supporting its finding of excludable time when granting Ray's motion. *Id.* Ray subsequently requested a new attorney, and a new attorney was appointed. Dkts. 18, 19. On December 19, 2020, Ray filed a second motion to continue trial. Dkt. 20. The Court granted the request and set a new trial date of May 18, 2020, once again finding the time period in between trials to be excludable time

under sections 3161(h)(7)(B)(iv) and 3161(h)(7)(A). Dkt. 21.

Ray later requested new counsel for a second time and Ray's current attorney was appointed. Dkts. 22, 26. Ray filed a second motion for release from custody on March 25, 2020. Dkt. 29. That motion was denied on April 28, 2020. Dkt. 41. Ray filed a third motion to continue on April 7, 2020. Dkt. 36. The Court granted the motion and found excludable time under sections 3161(h)(7)(B)(iv) and 3161(h)(7)(A). Dkt. 39. A fourth trial date was scheduled for August 3, 2020. *Id.*

The Government and Ray were engaged in active plea negotiations between April and July of 2020. However, Ray ultimately notified the Government in early July that a resolution was unlikely. Thereafter, the Government obtained a superseding indictment on July 14, 2020. Dkt. 46. The superseding indictment charged Ray with two counts of Possession with Intent to Distribute Methamphetamine in addition to the original Possession of a Firearm by a Prohibited Person charge. The drug charges were supported by additional laboratory testing performed on the substances completed on April 10, 2020. Ray was arraigned on the superseding indictment on July 29, 2020, and the current trial date of September 8, 2020, was set. Dkt. 54. Neither party objected to this trial date at the time of the arraignment. Judge Bush did not make any additional findings of excludable time at the arraignment.

Ray filed the pending motion to dismiss on August 17, 2020, contending that the STA requires the indictment be dismissed because he has not been brought to trial within the prescribed seventy-day time period. *See generally* Dkt. 55. Additionally, Ray argues

MEMORANDUM DECISION AND ORDER - 3

that the indictment must be dismissed due to a presumption of vindictiveness, reasoning that the superseding indictment was filed to punish him for his plea rejection. *Id.* Lastly, Ray requests to be released from detention if the superseding indictment is not dismissed. *Id.*

### III. LEGAL STANDARD

The STA requires a defendant, charged with a crime, to be brought to trial within seventy days from the filing date of the indictment, or the date of the defendant's initial appearance in the court in which the charges are pending, whichever date occurs last. *See* 18 U.S.C. § 3161(c)(1). "If the defendant is not brought to trial within the [seventy]-day period mandated by the [STA] (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment." *United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (citing 18 U.S.C. § 3162(a)(2)). The STA provides a list of certain "periods of delay [that] shall be excluded in computing the time within which . . . the trial of any such offense must commence." 18 U.S.C. § 3161(h).

Two categories from that list of statutory exclusions are at issue here: automatic exclusions and specific court-found exclusions. *See* 18 U.S.C. § 3161(h)(1), (7). One of the subcategories of automatic exclusions is delays resulting from any pre-trial motion. 18 U.S.C. § 3161(h)(1)(D). Delays resulting from pre-trial motions are measured "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

Court-found exclusions, on the other hand, are "[a]ny period of delay resulting from

MEMORANDUM DECISION AND ORDER - 4

a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In deciding whether "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial," a court may consider whether "the failure grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ." 18 U.S.C. § 3161(h)(7)(B)(iv). The court must set forth its findings on the record. *Id.*

## IV. DISCUSSION

### A. Seventy-Day Trial Clock

The prescribed seventy days have not run in this case due to excludable time periods under the STA. A close examination of the periods of excludable time indicates that sixteen days remain on the seventy-day period allowed under the STA. First, the seventy-day clock began to run on September 4, 2019 because of the Government's motion for detention. In addition, the court-found excluded times ranged from November 4, 2019, to August 3, 2020, amounting to 274 days. *See* Dkts. 16, 21, 39. The automatically excluded days include four ranges, two of which have already been accounted for in the periods mentioned. The first automatic exclusion was the clock not starting to run until September 4, 2019, when the Government filed its motion for detention. The second automatic exclusion was from March 25, 2020, to April 28, 2020, which was also covered by the specific court-found time. *See* Dkt. 21. The third automatic exclusion was due to Ray's

MEMORANDUM DECISION AND ORDER - 5

detention review motion filed on October 4, 2019, which was decided on October 23, 2019. And the final automatic exclusion is the one now in effect due to Ray's August 17, 2020 motion to dismiss pending before the court.[2]

Ray argues that the last two periods discussed above are not automatically excludable under the plain language of the STA because the motions did not in fact cause delay. Dkt. 62, at 4. Ray correctly concedes, however, that Ninth Circuit caselaw indicates otherwise. Dkt. 62, at 3. Indeed, the Ninth Circuit has stated, "The time a motion is pending is excludable even when the pendency of the motion causes no actual delay in the trial." *United States v. Vo*, 413 F.3d 1010, 1014–15 (9th Cir. 2005) (rejecting an argument that "a motion that does not result in *actual* delay is unexcludable" (emphasis in original)); *see also United States v. Daychild*, 357 F.3d 1082, 1094 (9th Cir. 2004). Because the Ninth Circuit's pronouncements are binding on the Court, these precedents conclusively end the Court's inquiry.

In short, the full period is correctly calculated as beginning on September 4, 2019, and continuing until August 17, 2020, upon the filing of the present motion, which is equivalent to 348 days. The excludable days in that period amount to 294. Stated differently, the time periods that were not excluded equal fifty-four days. Therefore, sixteen days remain as of the date this decision is issued, and Ray's September 8, 2020 trial date does not violate the STA.

---

[2] In addition to the caselaw discussed below, Ray correctly concedes that his present motion "has created excusable time." Dkt. 55, at 17.

B. **Vindictiveness**

The Government did not bring the superseding charges out of vindictiveness. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury" rests with the prosecutor. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *United States v. Goodwin*, 457 U.S. 368 (1982). Prosecutors may offer a defendant "unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution." *Hayes*, 434 U.S. 357 at 365. Doing so does not violate a defendant's rights. *Id.*; *see also U.S. v. Gastelum-Almeida*, 298 F.3d 1167, 1172 (9th Cir. 2002).

In *Goodwin*, the Supreme Court found that plea negotiations are a legitimate process and was very cautious to adopt an "inflexible presumption of prosecutorial vindictiveness in a pretrial setting." *Goodwin*, 457 U.S. at 381. The Court also clarified, "An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution." *Id.* at 380. The Court ultimately held that "a presumption of vindictiveness is not warranted" when additional charges are added pre-trial. *Id.*

Here, Ray's argument that the superseding indictment was vindictive or purely to punish him for not entering into a plea agreement is similarly without merit. Ray knew from the beginning of the plea negotiation process that the subsequent drug charges were a certainty if he did not plead guilty. Ray chose the outcome of the additional charges by

MEMORANDUM DECISION AND ORDER - 7

not accepting the Government's plea offer. It is indisputably the Government's province to pursue justice with the full force of the law, and it is not a punishment for it to do so.

Additionally, the April 2020 lab results provided further support for the Government's case and gave the Government another reason to bring the drug charges against Ray. Simply put, the Court does not see this as a situation of vindictive prosecutorial tactics; rather, the superseding charges were a logical consequence of the unresolved plea bargaining. Therefore, dismissal is unwarranted.

### C. Ninety-Day Detention Clock

Finally, Ray is not entitled to release from detention because the prescribed ninety days have not run in this case. The STA requires a defendant who is detained in custody to be brought to trial "not later than ninety-days following the beginning of such continuous detention." 18 U.S.C. § 3164(b). Nevertheless, the same excludable times apply to this time period as well. *Id.*; *see also* 18 U.S.C. § 3161(h). Thus, as calculated above, the ninety-day limit has not run—36 days remain on this clock as of the date this decision is issued. Ray cites no authority to support his argument. And again, Ray explicitly admits that this present motion stopped the time from running on his detention clock until the Court issues a ruling. Dkt. 55, at 17. Thus, Ray is not entitled to release from custody.

### V. ORDER

The Court HEREBY ORDERS:

1. Ray's Motion to Dismiss (Dkt. 55) is **DENIED**, and the trial shall begin on September 8, 2020.

2. Ray's request to be released from detention is also **DENIED**.

DATED: September 2, 2020

_____
David C. Nye
Chief U.S. District Court Judge