UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>NATHAN EARL RAY,<br><br>    Defendant. | Case No. 4:19-cr-00275-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

During Defendant Nathan Earl Ray's jury trial for Possession of a Firearm by a Prohibited Person and Possession with Intent to Distribute Methamphetamine charges, the Court declared a mistrial from the bench. The following memorializes the Court's reasons for doing so.

## II. DISCUSSION

Due to the Labor Day holiday on Monday, September 7, 2020, Ray's trial began the day after on September 8. On Thursday, the third day of trial, Ray moved for new counsel due to what he and his counsel claimed to be an irreconcilable difference in trial tactics and, more importantly, a complete breakdown in communication. The Government objected to Ray's motion. The Court then called a recess to research the proper course of action.

The Court first looked at the standard for granting a motion for new counsel. A district court's ruling on a motion for new counsel is reviewed for abuse of discretion.

MEMORANDUM DECISION AND ORDER - 1

*United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). When assessing the ruling, an appellate court will consider: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *Id.*; *see also United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001). The second factor requires "a sufficient basis for reaching an informed decision," potentially necessitating an evaluation of "the depth of any conflict between defendant and counsel, the extent of any breakdown in communication," and the time necessary for new counsel to prepare. *Adelzo-Gonzalez*, 268 F.3d at 777 (internal quotations and citations omitted) (holding that the district court's inquiries into the defendant's motions to substitute counsel were inadequate).

Here, the second and third factors were of most concern to the Court. The Court noted that it would need to hold a hearing to adequately inform itself of the depth and extent of the breakdown. Doing so would delay the trial and likely not allow either side to complete its case by the end of the week. At that point, the Government had only presented the full testimony of two of its witnesses, and there were at least ten witnesses left. *See* Dkts. 66, 75. Because another trial was scheduled to run the entire next week and hearings on other cases were scheduled the beginning of the week after, the trial could not have been resumed for at least a week and a half. The Court concluded that both sides would be prejudiced by such a substantial gap in the trial.

The Court also noted that Ray and his counsel maintained that their relationship had irreconcilably deteriorated and that their communication had completely ceased. Indeed,

MEMORANDUM DECISION AND ORDER - 2

Ray expressed to the Court that he found his representation so objectionable that he would make a scene in front of the jury to ensure that the jurors knew of his feelings on the matter. Although the Court informed Ray that such a scene would not be tolerated and would not help his quest for a mistrial but only alienate him from the jury, the Court was still concerned about the added delay this would cause. Thus, the Court ultimately determined that to conserve judicial resources, to ensure fairness to the parties, and to seek the ends of public justice, a mistrial was appropriate.

In so determining, the Court did not necessarily believe that a hearing to adequately inform itself of the depth and extent of the attorney–client breakdown would result in a finding that new counsel was warranted. In fact, the Court stated on the record that it believed defense counsel was doing a good job, given the facts of the case, and that in the absence of a hearing, it believed the differences between Ray and his counsel related solely to trial strategy. However, the Court could see no way to hold the necessary hearing and still finish the trial by the next day.

The Court then invited counsel for both sides into chambers to discuss its reasoning and to receive input. Both sides agreed that, under the circumstances, a mistrial was appropriate. After the recess, on the record, the Court stated that it was inclined to declare a mistrial and explained its reasoning once again. The Court then provided Ray and the Government an opportunity to comment on the propriety of a mistrial, to state whether they consented or objected, and to suggest alternatives. *See* Fed. R. Crim. P. 26.3. Neither side objected or suggested alternatives.

MEMORANDUM DECISION AND ORDER - 3

To be sure, the Court specifically asked Ray if he would prefer to proceed with current counsel or pro se, rather than having to wait for another trial. Ray stated that he fully consented to the mistrial because he was intent on obtaining new counsel and a new trial, thereby demonstrating "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *See United States v. Scott*, 437 U.S. 82, 93 (1978). The Court informed Ray that he would remain incarcerated while he awaited retrial. The Court also reminded Ray that he had been provided three different attorneys, warned him that he would not be allowed to seek new counsel in perpetuity, and cautioned that he must not present a similar situation during his next trial. *See Mendez-Sanchez*, 563 F.3d at 944 ("There must be limits on the ability of a defendant to gain new counsel when the defendant is acting unreasonably and especially where appointing new counsel would require a continuance with a consequent disruption to the court process."). Ray acknowledged that he was aware of these things. Consequently, the Court declared a mistrial.

### III. CONCLUSION

In sum, the Court determined that the interests of public justice, judicial economy, and fairness to both sides demanded a mistrial in this case. Again, nothing herein is meant to cast doubts on defense counsel's trial abilities or on the government attorneys' trial abilities. This was simply a situation where too little time was allotted for trial in order to conduct the appropriate hearing required when Ray unexpectedly raised the claim of irreconcilable differences with his counsel. In light of these circumstances, the Court could not give Ray the time he needed to adequately explain his concerns and counsel the time

to adequately try the case. Accordingly, the Court declared a mistrial and will hold another trial in due course.

DATED: September 16, 2020

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5