UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NATHAN EARL RAY,<br><br>    Defendant. | Case No. 4:19-cr-00275-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Nathan Ray's Motion to Compel Discovery. Dkt. 105. Ray asks the Court to require "the Government to provide him with all the policies and procedures of the investigating agencies pertaining to confidential informants." *Id.* at 6. The Government opposes the motion on the grounds that Ray has not sufficiently demonstrated or established the materiality of such policies and procedures. Dkt. 106.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court agrees with the Government. The Motion to Compel Discovery is DENIED.

## II. BACKGROUND

On August 27, 2019, a grand jury returned a one-count Indictment charging Ray with Possession of a Firearm by a Prohibited Person. Dkt. 1, at 1. After numerous motions, in addition to the lack of a resolution of this case through extensive plea negotiations, the Government filed a Superseding Indictment on July 14, 2020. Dkt. 46. The Superseding Indictment charged Ray with two counts of Possession with Intent to Distribute Methamphetamine, as well as with the original Possession of a Firearm by a Prohibited Person charge.

During its investigation, the Government obtained some of its evidence through use of a confidential informant who made controlled purchases of methamphetamine from Ray. Now, Ray seeks the policies and procedures of the investigating agencies pertaining to confidential informants, including, "but not [] limited to, the recruitment, handling, corroborating, and documenting confidential informants, as well as the setup, operations, and use of recording devices for controlled buys." Dkt. 105-1, at 1. The Government opposes Ray's motion, claiming that Ray has not made a prima facie showing that the requested policies and procedures are material to the defense. Dkt. 106, at 1. Alternatively, the Government requests an in-camera review to determine which items should be produced due to the sensitive nature of the policies requested. *Id.* Further, the Government says it will seek a protective order with respect to the information to be produced. In his Reply, Ray maintains that the policies and procedures are material. Dkt. 108.

## III. LEGAL STANDARD

A criminal defendant is entitled to inspect and copy documents in the government's

possession if those documents are "material to preparing the defense . . . ." Fed. R. Crim. P. 16(a)(1)(E)(i). To secure discovery under Rule 16(a)(1)(E), the defendant carries the burden of demonstrating materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *see also United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) ("A defendant must make a 'threshold showing of materiality' in order to compel discovery pursuant to Rule 16(a)(1)(E)." (citation omitted)). Generally speaking, evidence is material under Rule 16 if it is relevant to the development of a possible defense. *Id.*

However, in order to compel discovery under Rule 16, the defendant must make a "threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense" *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010); *see also United States v. Sai Keung Wong*, 886 F.2d 252, 255–57 (9th Cir. 1989) ("The burden of proof is on the defendants to show need for the disclosure . . . . The mere suspicion that information will prove helpful is insufficient to require disclosure."). "Neither a general description of the information sought nor conclusory allegations of materiality will suffice; a defendant must present facts that would tend to show that the [g]overnment is in possession of information helpful to the defense." *Budziak*, 697 F.3d at 1111–12 (citation omitted).

Other district courts have concluded that a defendant's attempt to generally cast for impeachment materials does not satisfy the materiality requirement. *See, e.g.*, *United States v. Liquid Sugars*, 158 F.R.D. 466, 471 (E.D. Cal. 1994). As one court explained, "[s]uch requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *Id.* Once a defendant has demonstrated

materiality, "the district court should not merely defer to government assertions that discovery would be fruitless. . . . criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary." *Budziak*, 697 F.3d at 1112–13.

## IV. DISCUSSION

Before delving into why the substance of Ray's motion is unavailing, there is a procedural reason for denying the motion: it was untimely. In the Court's Sixth Order continuing the trial readiness conference and trial, the Court set a deadline to file all motions, except motions in limine, by June 4, 2021. Dkt. 101, at 2 ("IT IS FURTHER ORDERED that all pretrial motions, except Motions in Limine, shall be filed on or before **June 4, 2021.** Motions in Limine shall be filed on or before **June 19, 2021**." (bold in original)). Ray failed to meet this deadline and instead filed the instant motion on June 14, 2021—ten days late. What's more, the motion is a discovery motion, and such should not be propounded on the eve of trial, as Ray has done here. Thus, the Motion to Compel is procedurally improper and is denied on this ground alone.

Even if Ray's motion were procedurally proper, however, the substance of it is unavailing. The Government concedes that it is in possession of the policies and procedures Ray seeks. Dkt. 106, at 6. Yet the Government maintains that Ray has not established that such policies and procedures are material. The Court must agree with the Government.

Ray fails to present any specific facts—beyond his speculative allegations that the confidential informant may have been used in contravention of the policies and procedures—to establish the materiality of the policies and procedures he seeks. He does not identify any facts to suggest the integrity of the investigation was compromised or that

appropriate procedures were not followed. Nor does he identify any reason either the confidential informant or law enforcement would have to violate such policies. He does not offer any facts regarding his interaction with the confidential informant that would suggest he did not commit the crimes charged. Ray's instant motion simply fails to offer any facts or circumstances whatsoever to show the materiality of the requested documents. Ray's conclusory allegations are insufficient to establish the materiality of the broad scope of policies and procedures he seeks.[1] *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

In *United States v. Santiago*, the Ninth Circuit affirmed the district court's denial of a defendant's request for access to Bureau of Prison files on the government's inmate witnesses. 46 F.3d 885, 893 (9th Cir. 1995). During the pretrial hearing, defense counsel argued that because the government planned to introduce testimony regarding the defendant's gang affiliation, the defendant needed to know for impeachment purposes whether any of the inmate witnesses were linked to rival gangs. *Id.* at 894. The Ninth Circuit held such assertions, "although not implausible, do not satisfy the requirement of specific facts, beyond allegations, relating to materiality." *Id.* at 895 (citing *Mandel*, 914 F.2d at 1219). In so holding, the *Santiago* court explained, "[a]lthough the defense did have access to other documents relating to the government witnesses and interviewed several other prison inmates, it did not cite any fact, such as a statement by the defendant or one

---

[1] Throughout his motion, Ray repeatedly supports his arguments by stating the Government should provide the policies and procedures so he can evaluate "if" the policies and procedures were not followed, further demonstrating that he is merely on a speculative fishing expedition with relation to the requested documents. *See* Dkt. 105, at 2–4.

of the interviewed witnesses, that might link one of the witnesses to a rival gang." *Id.* The Ninth Circuit accordingly affirmed the district court's denial of discovery. *Id.*

Similarly, this Court cannot order the Government to produce the broad scope of confidential policies and procedures used by law enforcement agencies in the absence of case-specific facts to demonstrate the materiality of the information sought. *Cf. United States v. Ward*, No. 4:19-cr-00101-DCN, 2021 WL 738825 (D. Idaho Feb. 25, 2021). In sum, Ray has not established the requested evidence is material.

None of Ray's arguments to the contrary are compelling. For example, without providing specific facts, Ray argues that the policies and procedures pertaining to confidential informants are material and critical to his defense. He compares his need for information regarding the policies and procedures to "discovery regarding a dog that performs a sniff for drugs," which is broad. Dkt. 105-1, at 3. He says the policies and procedures, and more specifically whether law enforcement followed them, directly impact the reliability of the evidence against him. But the Court does not view Ray's comparison to drug-detection dog sniffs as a proper rule of law. Nor does Ray cite a single authority that has adopted his proposed rule of law. To the contrary, Ray's argument attempts to improperly shift his burden of showing that the policies and procedures are material to the Government to prove why it should not disclose them. The Court rejects Ray's argument in this respect.

Next, Ray argues that the tenets of *Brady v. Maryland*, 373 U.S. 83 (1963), as well as the Due Process Clause, require disclosure of the policies and procedures because they are material to his defense. Relatedly, he argues that "the Government's objections to the

disclosure of policies and procedures for confidential informants are either not based in fact or are outweighed by [his] Due Process rights." Dkt. 105, at 5 (cleaned up). If Ray were to show materiality, the Court might agree. But, again, these arguments are unpersuasive because Ray has not come close to establishing that the policies and procedures are material.

Plus, the Court disagrees with Ray's characterization of the Government's objections. Most significantly, the Court agrees with the Government that disclosure of the pertinent policies and procedures could jeopardize ongoing and future investigations and possibly bring harm to confidential informants. If shared with the criminal community, the known policies and procedures could assist criminals in identifying confidential informants in numerous ways. Thus, the Government has a weighty interest in not disclosing these policies and procedures.

Ray also claims the discovery provided "raises ethical and legal issues." Dkt. 105-1, at 2. But the premises for this claim are unfounded. Ray's first premise is that the confidential informant was unduly pressured into testifying because her car was searched illegally and she did not commit a crime. Of course, Ray has neither evidentiary support for this claim nor standing to assert it. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (explaining that "a party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." (cleaned up)). Ray's second premise is that there is no surveillance video, "which is unusual in the experience of counsel or [Ray]." Dkt. 105-1, at 2. Setting aside the lack of qualifications the two have to make this assertion, the simple explanation is audio recordings were used in lieu of video

surveillance, and the audio recordings were disclosed to Ray in discovery. *See* Dkt. 106, at 8. Another premise is that the confidential informant received cash payment for her services in this case. However, the money referred to was used for unrelated cases, and the only consideration for the confidential informant's participation in this case was not to prosecute her for her crimes—standard practice when law enforcement deals with confidential informants. *See id.* In short, Ray's suppositions regarding perceived ethical and legal concerns appear baseless, and therefore his argument is unpersuasive.

In his Reply, Ray raises many of the same issues anew, but beyond his additional conclusory and speculative statements, he does not meaningfully connect how those issues are material to his defense. He merely speculates that the policies and procedures may have been violated. Ray's unsupported allegations are simply not enough to convince the Court that the policies and procedures are material to Ray's defense. Consequently, the Court's holding that Ray has not shown materiality stands.

## V. ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1. Ray's Motion to Compel (Dkt. 105) is **DENIED**.

DATED: July 8, 2021

David C. Nye
Chief U.S. District Court Judge