UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00275-DCN |
|---|---|
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| NATHAN EARL RAY, | |
| Defendant. | |

# I. INTRODUCTION

Pending before the Court is Defendant Nathan Ray's Seventh Motion to Continue. Dkt. 107. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the motion.

# II. BACKGROUND

The protracted prosecution of this case began on August 27, 2019, when Nathan Earl Ray was indicted on one count of possession of a firearm by a prohibited person under 18 U.S.C. §§ 922(g)(1), 924(a)(2). Dkt. 1. He was arrested the next day and has since remained in custody. Dkt. 10. Over the course of almost two years, there have been seven motions to continue, four different lead attorneys appointed, a mistrial, and various other motions brought before the Court.

MEMORANDUM DECISION AND ORDER - 1

The Court initially set Ray's trial for November 4, 2019. Dkt. 6. Then, on October 22, 2019, Ray filed his first motion to continue the trial, requesting forty additional days for investigation and discovery. Dkt. 15. The first motion was granted, and the trial was then set for January 21, 2020. Dkt. 16.

On November 19, 2019, Ray filed a motion to have his attorney withdrawn due to his lack of confidence in counsel and counsel's advice. Dkt. 18. The Court granted the motion on December 4, 2019. Dkt. 19. Then, fifteen days later, Ray filed a second motion to continue the trial for his new counsel to become oriented to the case. Dkt. 20. The next day, that motion was granted, and the trial was pushed back to May 18, 2020. Dkt. 21.

Thereafter, Ray filed a second motion to withdraw his counsel because of a breakdown in communication and assorted complaints about counsel. Dkt. 22. After hearing oral argument on the issue, the Court granted the motion on February 4, 2020. Dkt. 26.

Then, on April 2, 2020, Ray filed a third motion to continue the trial to complete certain aspects of discovery and because COVID-19 temporarily paused the Government's operations. Dkt. 36. The Court granted the motion, and the trial was set to begin on August 3, 2020. Dkt. 39. On July 2, 2020, Ray filed an ex parte motion to appoint associate counsel (Dkt. 42), which was granted on July 10, 2020 (Dkt. 44). On the same day that the ex parte motion was granted, Ray's counsel filed a motion to withdraw as attorney due to irreconcilable differences related to his defense to the then-pending charge against him, as well as the new charges in the Government's intended superseding indictment. Dkt. 45. A superseding indictment was filed against Ray on July 14, 2020, charging him, in addition

to the original illegal possession of a firearm charge, with two counts of possession with intent to distribute methamphetamine. Dkt. 46.

In light of the superseding indictment, on July 16, 2020, Ray filed his fourth motion to continue the trial. Dkt. 48. But, on the same day, Ray withdrew his motion and requested that the trial commence as scheduled on August 3, 2020. Dkt. 49. Then, on July 20, 2020, Ray withdrew the motion to withdraw, thereby reasserting his fourth request to continue the trial. Dkt. 51. The Court reset the trial for September 8, 2020. Dkt. 54.

In mid-August 2020, Ray filed a motion to dismiss due to a perceived violation of the Speedy Trial Act ("STA"). Dkt. 55. Ray contended that the STA's trial and detention clocks ran out, that the Government vindictively filed the superseding indictment, and that dismissal of this case was appropriate on those grounds. The Court was not persuaded by any of Ray's arguments and denied the motion on September 2, 2020. Dkt. 74.

Having dispatched Ray's motion to dismiss, the Court began a jury trial of this case on September 8, 2020. Dkts. 84, 86–87. But, on the third day of trial, Ray's counsel made an oral motion to withdraw as counsel of record. *See* Dkt. 91. Ray and his counsel maintained that their relationship had irreconcilably deteriorated and that their communication had completely ceased. *Id.* at 2. Ray also threatened to make a scene in front of the jury. *Id.* at 3. Ultimately, after careful consideration, the Court declared a mistrial. *Id.* at 4. It also informed Ray that he would not be allowed to seek new counsel in perpetuity and warned him to avoid similar situations during the next trial. *Id.* A new trial was then scheduled for November 9, 2020 (Dkt. 90), and the Court appointed new counsel and associate counsel for Ray (Dkt. 93).

On October 27, 2020, Ray filed his fifth motion to continue the trial so his counsel could have more time to prepare and issue new subpoenas. Dkt. 97. The Court granted the motion and set the trial for January 19, 2021. Dkt. 98. Due to the ongoing COVID-19 pandemic, the Court on its own initiative vacated that trial date and set a new trial for March 22, 2021. Dkt. 99.

Then, on March 3, 2021, Ray filed his sixth motion to continue so he could retain an expert, avoid a schedule conflict, and benefit from additional trial preparation. Dkt. 100. The Court granted the motion the next day and once again pushed back the trial date, setting the trial to begin on July 19, 2021—the current trial date. Dkt. 101.

On June 14, 2021, Ray filed an untimely motion to compel discovery. Dkt. 105. The Court denied the motion because it was unduly tardy and Ray failed to make a prima facie showing of materiality as to the evidence sought. Dkt. 111. This brings us to Ray's seventh and current motion to continue the trial, which he filed on July 2, 2021, only around two weeks before the current trial date when the holiday weekend is considered. Dkt. 107.

### III. LEGAL STANDARD

District courts have considerable latitude in resolving continuance motions—so much so that their rulings "will ordinarily not be reviewed." *Avery v. Alabama*, 308 U.S. 444, 445 (1940); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983); *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). When the Ninth Circuit does review a ruling on a motion to continue, it is well-established that it employs an abuse of discretion standard. *United States v. Alvarez*, 358 F.3d 1194, 1210 (9th Cir. 2004); *United States v. Garret*, 179 F.3d 1143, 1444–45 (1999); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *opinion amended*

*on other grounds by* 764 F.2d 675 (9th Cir. 1985). To determine whether a district court abused its discretion in denying a continuance, the Ninth Circuit considers a handful of factors: (1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. *United States v. Thompson*, 587 F.3d 1165, 1174 (2009).[1]

## IV. ANALYSIS

In the matter at hand, it is well within the Court's discretion to deny Ray's motion to continue the trial because all five of the *Thompson* factors weigh against granting a continuance.

**A. Inconvenience**

To begin, granting a continuance at this juncture would prove highly inconvenient, especially to the Court. This case has been pending since August 27, 2019, and the trial has already been pushed back seven times.[2] Rescheduling trials repeatedly burdens the Court. As the Supreme Court has noted, district courts require "a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses,

---

[1] Many Ninth Circuit decisions employ a four-factor test similar to *Thompson*'s five-factor test. *See, e.g.*, *United States v. Anguiano*, 731 F. App'x 699, 700 (9th Cir. 2018); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *opinion amended on other grounds by*, 764 F.2d 675 (9th Cir. 1985). To be clear, *Thompson*'s five factors do not supplant the traditional four factors. Rather, *Thompson*'s test provides further analysis and enhanced clarity of the traditional four factors. Under either of the two comparable tests, the result here is the same.

[2] As explained, the Court granted Ray's previous six motions to continue and moved the trial date once sua sponte due to COVID-19.

lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris*, 461 U.S. at 11. And, in one of the nation's busiest federal courts, that inconvenience is even more pronounced. Plus, the longer it takes for this case to be resolved, the greater the inconvenience swells. *See Thompson*, 587 F.3d at 1174–75 (collecting examples of inconvenience). This is especially true when considering the number of judicial resources already expended in addition to resolving any future matters. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (holding that the inconvenience to the court of the party's repeated delays supported the court's decision to deny the motion to continue).

That said, Ray's repeated delays do not only inconvenience the Court but also suspend the public's interest in finality and justice. The trial date in this case has been rescheduled seven times. The Court finds Ray's request to reschedule the trial for an eighth time an unbearably inconvenient one to both the Court and the public.

**B. Previous Continuances**

Next, the high number of continuances already granted weighs heavily against Ray's present request. As noted, the Court has already been more than sufficiently generous in granting Ray's previous six requested continuances. Indeed, the Ninth Circuit has repeatedly viewed two or three continuances, let alone eight, as enough for a district court to deny any further requests. *See, e.g.*, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783–84 (9th Cir. 2002) (continuance request due to scheduling conflicts was properly denied because two previous continuances had been granted); *United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992) (explaining that granting a third motion to continue would be

excessive), *overruled on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (considering two motions to continue and three-months delay as too much). Accordingly, the significant number of continuances in this case adds strong support to the Court's decision to deny the present request.

**C. Legitimate Reasons for Delay**

Because the present motion is not rooted in legitimate reasons that justify further delay, this third factor also provides sturdy ground for the Court to deny the instant motion.

The primary gauge of legitimacy is usefulness. *See Flynt*, 756 F.2d at 1360. The possibility that continuance will serve a useful purpose is not enough. It must also be probable. *See id.* (distinguishing between possible and probable useful purposes for continuance).

Ray raises three reasons for his present requested continuance: (1) he wants more time to engage in plea negotiations, (2) he claims to have undisclosed family problems and stress, and (3) he claims his motion to compel discovery necessitates a hearing and significant time to consider. Although Ray's reasons might appear to have a legitimate veneer, even the slightest bit of deeper digging determines that each reason is rather unconvincing.

Ray first asserts that he could benefit from more time to conduct plea negotiations. Dkt. 107, at 1. Even though it could be possibly beneficial, against the backdrop of nearly two years, it is not probable. There have been active negotiations between Ray and the Government, and Ray has already rejected previous plea deals. *See* Dkt. 74, at 3. What's

more, the time remaining before trial is still sufficient for Ray to accept any deal the Government may present him. And any plea bargaining should have been concluded around the time that Ray filed his motion anyway. *See* Revised Criminal Procedural Order No. 377, at 6 (encouraging the parties to conclude plea negotiations by the time of the pretrial conference call). Thus, Ray's first proposed reason for the continuance is not legitimate.

Ray further contends that a continuance is warranted due to undisclosed familial changes affecting his focus, sleep, and mindset. Dkt. 107, at 3–4. But this is as unavailing as it is vague. Because continuance rests in the Court's sound discretion, it naturally follows that the burden to convince the Court to change its schedule falls solely and squarely on the party seeking a continuance—here, Ray is that party. *See Williams v. United States*, 203 F.2d 85, 86 (9th Cir. 1953) ("The granting of a continuance is not a matter of right, but is always within the sound discretion of the court."). Simply coming before the Court with undisclosed personal problems falls well short of persuading the Court to grant a motion to continue.

Lastly, Ray argues that the Court should grant a continuance to hold a hearing and to devote significant consideration to his motion to compel discovery. But, for at least three reasons, this too is without merit. First, the motion to compel was filed late. *See Orr*, 285 F.2d at 784 (holding that, because "the request for a continuance to obtain additional discovery" was late, it "was groundless"). All pretrial motions, save motions in limine, needed to be filed on or before June 4, 2021. *See* Dkt. 111, at 4 (quoting Dkt. 101, at 2). Second, in his motion to compel, Ray asked the Court to decide the issue expeditiously to

keep the existing trial schedule. Dkt. 105, at 1. This demonstrates that Ray himself disagreed that the motion required significant time to consider. Third, the Court disagrees that the motion to compel needs a hearing or significant time. After all, the Court has already denied the motion. *See generally* Dkt. 111.

In short, the Court finds that Ray's motion to continue lacks a legitimate reason for delay. Therefore, this factor weighs against granting a continuance.

**D. Defendant's Fault in Delay**

In determining whether a continuance is appropriate, a court considers whether the delay was the defendant's fault. *Thompson*, 587 F.3d at 1174. A part of the calculus that leads the Court to deny this motion is Ray's conduct since this case's inception. The Court views much of Ray's flip-flopping on issues as no more than dilatory conduct that has hindered the efficient administration of justice and stymied the system. *See id.* Although a defendant is not faulted for employing optimum litigation strategies, repeatedly taking diametrically opposed positions on the same issues constitutes bad faith. For example, Ray's motion to compel requested a quick resolution so the trial would not be delayed any further. But, in his next breath, Ray asked this Court to continue the trial a seventh time. *Compare* Dkt. 105, *with* Dkt. 107. As another example, Ray asked the Court to dismiss this case because its protracted nature allegedly violated the STA, but once that motion was denied, he filed a slew of motions to continue, thereby demonstrating that he was in no hurry to have this case resolved or to assert his right to a speedy trial. Lastly, there was the saga of Ray's fourth motion to continue the trial, which he withdrew, and then turned around and reasserted. *See* Dkts. 49, 51, 54. Because Ray has repeatedly taken

contradictory positions throughout this case to support his immediate interests, his present request rings hollow.[3]

There comes a point when litigation strategies are employed merely to forestall a potential conviction rather than to muster an actual effective defense. Ray has surpassed that point in this case. Accordingly, the Court finds that he is at fault in the unnecessary delay of this case, and this factor weighs against granting the requested continuance.

## E. Prejudice

Lastly, and most importantly, the Court surveys the landscape of this case to see if its denial of a continuance prejudices Ray. The Court finds that it does not. Demonstrating prejudice from the denial of a requested continuance is not sufficient in and of itself to show that a court has abused its discretion, but it is a necessary or mandatory condition. *Danjaq LLC*, 263 F.3d at 961; *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995). The Ninth Circuit typically finds prejudice when a denial infringes a defendant's constitutional rights or impedes his or her ability to mount a strong defense. *See, e.g.*, *Flynt*, 756 F.2d at 1361 (denying motion to continue deprived "the accused of the only testimony potentially effective to his defense."); *Mejia*, 69 F.3d at 316–17 (denying motion to continue completely thwarted defense's ability to present its case).

This is not the case for Ray. To establish actual prejudice, Ray cannot rely on what

---

[3] There is one statement in the Seventh Motion to Continue that is simply misleading: "Current Counsel for Defendant was appointed on September 17, 2020, after Mr. Ray's *prior counsel withdrew on the third day of trial* in this matter." Dkt. 107, at 2 (emphasis added). Counsel did not withdraw, at least not until after Ray threatened to disrupt the trial by making a scene because of his strongly held belief that his counsel was incompetent. It was Ray's conduct that caused the mistrial and substitution of counsel, not counsel's conduct.

might have been with continuance or mere "what-ifs." *See United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979). Ray's rights are not at issue here, so the Court does not find prejudice that could arise by denying his motion.

## V. CONCLUSION

After being pushed back seven times, Ray's trial is set for July 19, 2021. It will not be postponed. The resolution of this case is long overdue. After careful consideration of the circumstances of this case, the Court exercises its discretion to deny Ray's seventh motion to continue the trial for the foregoing reasons.

## VI. ORDER

The Court HEREBY ORDERS:

1. Ray's Seventh Motion to Continue (Dkt. 107) is **DENIED**.

DATED: July 9, 2021

David C. Nye
Chief U.S. District Court Judge