UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NATHAN EARL RAY,<br><br>　　　　　　Defendant. | Case No. 4:19-cr-00275-DCN<br><br>**MEMORANDUM DECISION & ORDER** |

## I. INTRODUCTION

Pending before the Court is Nathan Ray's Motion to Withdraw his Counsel. Dkt. 119. Counsel states in the motion that there has been a breakdown in communication between him and Ray. Counsel represents that his attempts to repair the breakdown in communication have been unsuccessful. For the reasons that follow, the Court DENIES Ray's motion.

## II. DISCUSSION

This is not the first time that Nathan Ray has moved to have his counsel withdrawn. In fact, this is the fourth time.

On November 19, 2019, Ray's first counsel—the Federal Defender's Office—filed a Motion to Withdraw as Attorney. Dkt. 18. Counsel's Motion stated that the "attorney/client relationship has been irrevocably broken due to defendant's lack of confidence in counsel and counsel's advice. Defendant has requested that I be terminated

as his attorney and that he be appointed new counsel." Dkt. 18, at 1. The Court granted the motion, without a hearing, and entered an Order that Ray be given new counsel.

On January 21, 2020, Ray's new court-appointed counsel filed a Motion to Withdraw. Dkt. 22. Counsel stated in his motion that the attorney/client relationship had deteriorated significantly since his appointment on December 4, 2019. More specifically, Ray expressed complaints regarding counsel's representation and threatened to make a complaint with the Idaho State Bar. The Court held a hearing on counsel's motion on February 4, 2020. At the hearing, the Court granted the motion and ordered that new CJA counsel be appointed.  New counsel was appointed on February 5, 2020.

On September 8, 2020, Ray's jury trial began. On the third day of trial, Ray moved for new counsel due to what he and his counsel claimed to be an irreconcilable difference in trial tactics, and more importantly, a complete breakdown in communication. *See* Dkt. 91, at 1.  After oral argument and a short recess, the Court declared a mistrial and allowed trial counsel and co-counsel to withdraw as attorneys of record. The Court also reminded Ray that he had been provided three different attorneys, warned him that he would not be allowed to seek new counsel in perpetuity, and cautioned that he must not present a similar situation during his next trial. *See id.* (citing *United States v. Mendez-Sanchez*, 563 F.3d 935, 944 (9th Circ. 2009)). Ray acknowledged that he was aware of these things.

Ray was scheduled to proceed to trial on July 19, 2021. However, on July 2, 2021, he filed a seventh motion to continue trial setting. Dkt. 107. The Court denied that motion on July 9, 2021, and ordered the parties to proceed to trial. Thereafter, a Plea Agreement was filed, and the Court conducted a change of plea hearing on July 13, 2021. At the

MEMORANDUM DECISION & ORDER - 2

hearing, the Court asked Ray two related questions to his current attorney's representation: (1) Have you had adequate time to discuss your case with your attorney? and (2) Are you satisfied with your attorney's representation of you? Ray responded in the affirmative to both questions.

Fifteen days after the change of plea hearing, counsel filed the instant motion.

The Court is not willing to appoint the Defendant a fifth attorney. When the court has appointed an attorney for an indigent defendant, the defendant, like all criminal defendants, has "a constitutional right to *effective* counsel." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (emphasis added). But he does not have the right to the counsel of his choice; that is, "to have a specific lawyer appointed by the court and paid for by the public." *Id.* "There must be limits on the ability of a defendant to gain new counsel when the defendant is acting unreasonably and especially where appointing new counsel would require a continuance with a consequent disruption to the court process." *Mendez-Sanchez*, 563 F.3d at 944.

The Court recognizes that counsel has tried to repair the attorney-client relationship. However, Ray was previously warned, and acknowledged, that the Court would not allow him to continue parting ways with his publicly appointed attorneys. The Court will not allow him to do so now. The Court finds that Ray is acting unreasonably as he has gone through such a high number of appointed attorneys already. Moreover, the timeliness of his motion works against him at this late juncture because all that is left in this case is his sentencing. And he acknowledged his satisfaction with his attorney at his change of plea hearing. Lastly, it appears from the motion that it Ray is the cause and impetus for the

motion. The unilateral disruptions of a defendant are insufficient to necessitate appointing counsel. *Cf. United States v. Kenney*, 724 F. App'x 551, 554 (9th Cir. 2018) ("Kenney's unilateral decision to refuse to meet with counsel likewise does not necessitate appointing new counsel. Kenney was already on his fourth lawyer, and there is no indication he would have cooperated with a fifth for any length of time.").

Ray may either proceed with appointed counsel, file a motion to proceed pro se, or retain private counsel. He will not be appointed new counsel. Accordingly, Ray's motion is denied.

## IV. ORDER

IT IS HEREBY ORDERED that counsel's Motion to Withdraw as Attorney of Record (Dkt. 119) is **DENIED**.

IT IS FURTHER ORDERED that the hearing on counsel's Motion to Withdraw set for August 4, 2021 at 4:00 p.m. is VACATED.

DATED: August 3, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 4