UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:19-cr-00275-DCN-1 |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| NATHAN EARL RAY, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is a letter from Defendant Nathan Earl Ray requesting new defense counsel. Dkt. 137. Upon review, and for the reasons set forth below, the Court DENIES Ray's request for new counsel.

## II. BACKGROUND

On August 27, 2019, a grand jury returned a one-count indictment charging Ray with Prohibited Person in Possession of a Firearm. The Court appointed the Federal Defender's Office to represent Ray. Dkt. 7. In December 2019, the Federal Defender, Bryan Wheat, moved to withdraw as attorney of record because the "attorney/client relationship has been irrevocably broken due to defendant's lack of confidence in counsel and counsel's advice" and because Ray had requested his removal. Dkt. 18. Wheat was relieved, and Stratton Laggis was appointed by the Court. Dkt. 19.

Less than two months later, Laggis requested to withdraw because, among other

MEMORANDUM DECISION AND ORDER - 1

reasons, Ray had again requested new counsel. Dkt. 22. Laggis was later relieved, and Richard Hearn was appointed in February 2020. Dkt. 26–27. On July 10, 2020, Hearn and his co-counsel, John Ingelstrom, filed a motion to withdraw as Ray's attorneys, citing irreconcilable differences with Ray. Dkt. 45. Hearn withdrew the motion 10 days later. Dkt. 51.

The Government obtained a superseding indictment the same month that added two counts of Possession with Intent to Distribute Methamphetamine. Dkt. 46. On August 17, 2020, Ray filed a Motion to Dismiss the Superseding Indictment Pursuant to the Speedy Trial Act. Dkt. 55. The Court denied the motion on September 2, 2020 and ordered the trial to move forward. Dkt. 74.

On September 8, 2020, the jury trial commenced. On the morning of the third day of trial, with the government close to wrapping up its case, Ray moved for a mistrial and requested to dismiss Hearn and Ingelstrom and have new counsel appointed based on differences in trial tactics and a breakdown in communication between attorney and client. Disturbingly, Ray threatened to disrupt the proceedings if he was not given a new attorney. Dkt. 96, at 10. The Court granted the motion but "reminded Ray that he had been provided three different attorneys, warned him that he would not be allowed to seek new counsel in perpetuity and cautioned that he must not present a similar situation during his next trial." Dkt. 91. Ray acknowledged that he was aware of these things. *Id*.

The Court appointed Alan Johnston as counsel and Paul Ziel as associate counsel on September 17, 2020. Dkt. 93. A new trial date of July 19, 2021, was eventually set. On July 2, 2021, Ray, through counsel, also filed a motion to continue the trial. Dkt. 107. Ray

indicated in the motion that the parties were engaged in settlement negotiations and that Ray needed more time to consider the offer. *Id*., at 1.

On July 7, 2021, the Court also denied Ray's Motion to Continue. Dkt. 112. Among the Court's reasons for denying the motion, the Court noted that Ray's "flipflopping" on issues was "no more than dilatory conduct that has hindered the efficient administration of justice and stymied the system." *Id*. at 9. On July 13, 2021, with trial looming, a Rule 11 Plea Agreement was signed and filed by both parties. Dkt. 117. The Court scheduled a Change of Plea hearing that same afternoon. Ray entered a guilty plea to Count One of the Superseding Indictment and agreed to the asset forfeiture provision. Dkt. 118.

Ray indicated he was satisfied with his attorney at the time he entered his guilty plea, and the Court found that Ray was competent to enter a knowing and voluntary plea. *Id*. Importantly, Ray had been sworn in and was under an obligation to tell the truth under penalty of perjury, and obligation that he understood. Dkt. 134, at 2–3. Additionally, Ray signed the Plea Agreement before pleading guilty. In that agreement, Ray stated the plea agreement was voluntary and did not result from force, threats, or promises. The government agreed to dismiss both Counts Two and Three of the Superseding Indictment, which pertained to Possession with Intent to Distribute Methamphetamine, and agreed to recommend a guideline sentence. Finally, in the Plea Agreement, Ray signed right below the sentence that states "I am satisfied with my attorney's advice and representations in this case."

Just 15 days later, counsel for Ray filed a motion to Withdraw as Counsel citing a breakdown in communication between attorney and client. Dkt. 119. Notably, Johnston

indicated that "Mr. Ray has requested that counsel for the Defendant withdraw." *Id.* at 1. This request was denied by the Court on August 3, 2021. Dkt. 122. The Court noted that Ray indicated he was satisfied with his attorney's representation when asked at the Change of Plea hearing held on July 13th. The Court found that

> Ray is acting unreasonably as he has gone through such a high number of appointed attorneys already. Moreover, the timeliness of his motion works against him at this late juncture because all that is left in this case is his sentencing. And he acknowledged his satisfaction with his attorney at his change of plea hearing. Lastly, it appears from the motion that Ray is the cause and impetus for the motion.

*Id.* at 3–4. The Court indicated that Ray may either proceed with currently appointed counsel, file a motion to proceed pro se, or retain private counsel. *Id.*

Counsel for Ray filed another Motion to Withdraw as Counsel on August 5, 2021. Dkt. 123. Ray requested new counsel be appointed or that the court allow him to proceed pro se.

Five days before his hearing, Ray filed a Motion to Withdraw Plea of Guilty on his own. Dkt. 125. The Court then conducted a hearing on August 31, 2021, to consider the second Motion to Withdraw as Counsel, but with so little notice did not address the Motion to Withdraw Plea of Guilty. Dkt. 126.

The government opposed his Motion to Withdraw Plea of Guilty. Dkt. 127. Ray's then-counsel, Johnston, asked that the Court provide new counsel to reply to the government's response because Ray had alleged ineffective counsel in his Motion to Withdraw Plea of Guilty. Dkt. 128, at 2. In order to ensure that Ray's Motion to Withdraw Plea of Guilty was adequately presented before the Court by an unconflicted attorney, the

Court granted Ray's Motion to Withdraw as Counsel for Ray despite its previous warnings, despite statements Ray made at trial, and despite statements Ray made in the Plea Agreement. Dkt. 130. The Court then, in the interest of justice, appointed yet another counsel for Ray. Dkt. 131. This time, Mr. Manuel T. Murdoch was appointed. *Id*. Murdoch then filed the Reply to the Government's Response (Dkt. 135) and a Motion to Amend/Correct the Motion to Withdraw Plea of Guilty (Dkt. 136). However, on the same day that Murdoch filed those documents, Ray wrote the Court, once again requesting new counsel. Dkt. 137. Ray then reiterated his request in a second letter sent just nine days later. Dkt. 138.

## III. DISCUSSION

Ray has requested yet another attorney. He has had seven court appointed attorneys. After appropriate consideration, the Court denies his request. The Court is not willing to appoint Ray an eighth attorney.

A district court's ruling on a motion for new counsel is reviewed for abuse of discretion. *United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009). When assessing the ruling, an appellate court will consider: "(1) the timeliness of the motion; (2) the adequacy of the district court's inquiry; and (3) whether the asserted conflict was so great as to result in a complete breakdown in communication and a consequent inability to present a defense." *Id*.; *see also United States v. Adelzo-Gonzalez*, 268 F.3d 772, 777 (9th Cir. 2001). The second factor requires "a sufficient basis for reaching an informed decision," potentially necessitating an evaluation of "the depth of any conflict between defendant and counsel, the extent of any breakdown in communication," and the time

necessary for new counsel to prepare. *Adelzo-Gonzalez*, 268 F.3d at 777 (internal quotations and citations omitted) (holding that the district court's inquiries into the defendant's motions to substitute counsel were inadequate).

When the court has appointed an attorney for an indigent defendant, the defendant, like all criminal defendants, has "a constitutional right to effective counsel." *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) (emphasis added). But he does not have the right to the counsel of his choice-that is, "to have a specific lawyer appointed by the court and paid for by the public." *Id*. "There must be limits on the ability of a defendant to gain new counsel when the defendant is acting unreasonably and especially where appointing new counsel would require a continuance with a consequent disruption to the court process." *Mendez-Sanchez*, 563 F.3d at 944. Indeed, the unilateral disruptions of a defendant are insufficient to necessitate appointing counsel. *Cf. United States v. Kenney*, 724 F. App'x. 551, 554 (9th Cir. 2018) ("Kenney's unilateral decision to refuse to meet with counsel likewise does not necessitate appointing new counsel. Kenney was already on his fourth lawyer, and there is no indication he would have cooperated with a fifth for any length of time.").

In Ray's request, he wrote that Murdoch had filed the reply without Ray's "final approval" and expressed frustration that the cases cited by Murdoch did "not reflect positively toward my goal of being allowed to withdraw my plea." Dkt. 137, at 1. Ray's differences with counsel are minor. While the Court understands Ray's desire to view the final product before it is filed, Ray did not indicate any specific problems with the reply filed by Murdoch. Additionally, it seems that Ray was frustrated that Murdoch did not have

case law that supported Ray's arguments as strongly as Ray wished. After reviewing the reply, the Court is confident that if such cases existed, Murdoch would have put them in. Murdoch was required by his duty as a lawyer to honestly admit that no cases existed that supported his argument regarding timeliness, and it would create perverse incentives to allow Ray to get new counsel because his previous counsel was honest. Ray's request for new counsel frankly indicates more of Ray's worry that he will lose more than a specific problem with Murdoch's ability to act as counsel. As such, Ray's differences would be easily reconcilable with Murdoch if Ray was acting reasonably.

The Ninth Circuit has held that "we are not aware of any [case] that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust." *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc). Ray has not alleged any conflicts of interest with Murdoch. The Court could generously construe Ray's request as an indication of his distrust of Murdoch. However, with no conflicts of interest, such distrust is inadequate to be considered a Sixth Amendment violation. Ray's Sixth Amendment right guarantees him effective counsel, and Murdoch is effective counsel. The Court finds that appointed counsel has continued to do a conscientious and competent job in defending Ray. In fact, all of Ray's prior defenders have all been competent, skilled attorneys. The issue clearly lies with Ray.

Ray's request is also untimely. Ray's continual requests for new attorneys are disrupting the court process. Indeed, a mistrial was declared over a previous request. All that remains for Ray is his sentencing, and at this stage Ray has not shown any indication

MEMORANDUM DECISION AND ORDER - 7

that he would get along with a different defense attorney. Bringing in a new attorney would further delay the process of sentencing Ray. Ray's requests have delayed this case and granting this new request would further delay the case an unreasonable amount of time.

Ray's requests, in cumulative, are excessive. Frankly, the eastern district of Idaho is running low on CJA Defenders who Ray has not requested to be dismissed. As the Ninth Circuit has held that a defendant can be unreasonable in requesting a fifth new lawyer, it is obvious that requesting an eighth is even more unreasonable. *Kenney*, 724 Fed. Appx. at 554.

If the Court did not deny this request it would be inviting further gamesmanship by future defendants which would obstruct justice in the way that Ray has here. It is clear that Ray's tactic is to delay his sentencing for as long as possible, and this Court has had enough. The Court therefore DENIES Ray's request for new counsel.

## V. ORDER

The Court HEREBY ORDERS:

1.  Ray's request for new counsel (Dkt. 137) is DENIED.

DATED: November 12, 2021

David C. Nye
Chief U.S. District Court Judge