UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN EARL RAY,<br><br>Defendant. | Case No. 4:19-cr-00275-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion for Discovery. Dkt. 147. Upon review, and for the reasons set forth below, the Court DENIES the Motion for Discovery.

## II. BACKGROUND

Nathan Earl Ray signed a Rule 11 Plea Agreement on July 12, 2021. He later filed a Motion to Withdraw Guilty Plea, claiming that it was "just" for this motion to be granted because: (1) he was forced into pleading guilty by his previous counsel's allegedly inadequate representation; (2) the Court had denied Ray's prior Motion to Compel Evidence and a Motion to Continue; and (3) his previous counsel had lied in a motion to the courts by claiming that Ray wanted more time to negotiate more plea deals. Dkt. 125. This motion was filed by Ray without the assistance of counsel. Notably, Ray offered no evidence whatsoever to support his allegations. The government opposed. Dkt. 127. In Ray's Reply, this time filed by counsel, Ray also argued that his consent to proceed by

Zoom at the change of plea hearing was invalid because the inquiry by the Court was inadequate. Dkt. 135, at 4. Ray's counsel then filed a motion to amend and indicated to the Court that Ray claimed to have newly discovered evidence. The Court then granted the motion to amend and allowed time for Ray to file an amended motion to withdraw his guilty plea, with both the Zoom argument that had been added to his Reply and any newly discovered evidence.

However, the process of Ray filing an amended motion to withdraw his guilty plea has been delayed by Ray's issue with counsel. Defendant Nathan Earl Ray has had seven attorneys.[1] The Court recently allowed his latest attorney, Manuel Murdoch, to withdraw after Ray filed a bar complaint against him. Dkt. 144. Ray is now proceeding pro se. Dkt. 148. Representing himself, with the deadline for the amended motion to withdraw his guilty plea looming, Ray filed the present motion stating in its entirety, "I hereby request that the Government identify, disclose, and produce any and all information, documents, evidence, and materials discoverable under Rule 16 of the federal Rules of Criminal Procedure." Dkt. 147, at 2.

### III. LEGAL STANDARD

A criminal defendant is entitled to inspect and copy documents in the government's possession if those documents are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). To secure discovery under Rule 16(a)(1)(E), the defendant carries the

---

[1] For a more detailed description of Ray's charge and a timeline of all the attorneys that have represented Ray, please see this Court's previous Memorandum Decision and Order (Dkt. 139).

burden of demonstrating materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *see also United States v. Budziak*, 697 F.3d 1105, 1111 (9th Cir. 2012) ("A defendant must make a 'threshold showing of materiality' in order to compel discovery pursuant to Rule 16(a)(1)(E)." (citation omitted)). Generally speaking, evidence is material under Rule 16 if it is relevant to the development of a possible defense. *Id*.

However, in order to compel discovery under Rule 16, the defendant must make a "threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010); *see also United States v. Sai Keung Wong*, 886 F.2d 252, 255–57 (9th Cir. 1989) ("The burden of proof is on the defendants to show need for the disclosure. . . . The mere suspicion that information will prove helpful is insufficient to require disclosure."). "Neither a general description of the information sought nor conclusory allegations of materiality will suffice; a defendant must present facts that would tend to show that the Government is in possession of information helpful to the defense." *Budziak*, 697 F.3d at 1111–12 (citation omitted).

Other district courts have concluded that a defendant's attempt to generally cast for impeachment materials does not satisfy the materiality requirement. *See, e.g., United States v. Liquid Sugars*, 158 F.R.D. 466, 471 (E.D. Cal. 1994). As one court explained, "[s]uch requests are simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *Id*. at 472. Once a defendant has demonstrated materiality, "the district court should not merely defer to government assertions that discovery would be fruitless. . . . [C]riminal defendants should not have to

MEMORANDUM DECISION AND ORDER - 3

rely solely on the government's word that further discovery is unnecessary." *Budziak*, 697 F.3d at 1112–13.

## IV. DISCUSSION

Before delving into why the substance of Ray's motion is unavailing, there is a procedural reason for denying the motion: it was untimely. Ray has already signed a guilty plea, and the only issue remaining before sentencing is whether Ray can withdraw his guilty plea. Ray has already filed a Motion to Withdraw Plea of Guilty (Dkt. 125), and he added more arguments in the Reply to the Government's Response (Dkt. 128). At this point, Ray has a deadline of December 17, 2021, to file his amended motion to withdraw his guilty plea. Dkt. 148, at 7.

It has been represented to the Court that Ray has newly discovered evidence to present in support of his Motion to Withdraw Plea of Guilty. Dkt. 142, at 1–2 ("Mr. Murdoch met with Defendant to review his claim that he has newly discovered evidence to present in support of his motion to withdraw his guilty plea"). Additionally, the stated purpose of granting Ray leave to amend his motion to withdraw his guilty plea was "to include an argument that he should be allowed to withdraw his guilty plea because his consent to proceed with the change of plea hearing by Zoom was invalid because the court's questioning in that regard was inadequate." Dkt. 136, at 1. Ray does not need any discovery materials from the government in order to (1) present evidence he claimed to already have or (2) include the argument about appearing by Zoom, which is already in Ray's Reply brief (Dkt. 135).

Ray's assumption of responsibility for his own legal representation did not restart

the judicial proceedings. The Court is not going back to the discovery stage. In the event that the Court grants Ray's Motion to Withdraw Plea of Guilty (or grants a future amended motion), the Court will then discuss any future discovery disputes.

Substantively, Ray has not met his burden to show that the government has material information. He has not pointed to any specific evidence that the government has, or even to any specific categories of evidence. Ray simply demanded discovery. The vagueness of his request for discovery is insufficient to meet the threshold standard for materiality required to grant Ray's motion.

Finally, Ray has not provided the Court with any newly discovered evidence to support his motion to withdraw his guilty plea. If he has such evidence, there is no need to conduct discovery against the government. He can simply file that evidence with his amended motion to withdraw guilty plea. If he does not have such evidence, he cannot engage in a fishing expedition at this late stage in the process in the hopes of obtaining newly discovered evidence.

As such, the Court DENIES Ray's Motion for Discovery.

## V. ORDER

The Court HEREBY ORDERS:

1. Ray's Motion for Discovery (Dkt. 147) is DENIED.

DATED: December 3, 2021

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5